UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ORBITAL AUSTRALIA PTY, et al.,

                Plaintiffs,

                                        CASE NO. 15-CV-12398
    v.                                HONORABLE GEORGE CARAM STEEH

DAIMLER AG, et al.,

                Defendants.

_____/

## ORDER GRANTING DEFENDANTS' MOTION TO STAY
## PROCEEDINGS PENDING *INTER PARTES* REVIEW (Doc. 13)

       This patent infringement action arises out of three automotive patents: one covering the structure of a fuel injector, the other two involving expired patents relating to engine control units ("ECU"). Now before the court is defendants' motion to stay proceedings pending *inter partes* review by the Patent Trial and Appeals Board ("PTAB"). The issues in this matter have been thoroughly presented in the parties' briefs and oral argument is not necessary under Local Rule 7.1(f)(2). For the reasons set forth below, the court shall grant defendants' motion to stay.

### I. Factual Background

       Plaintiffs Orbital Australia Pty Ltd and Orbital Fluid Technologies, Inc. (collectively "plaintiffs") accuse defendants Bosch LLC and Bosch GmbH of infringing the patent relating to the structure of fuel injectors, known as U.S. Patent No. 6,923,387 ('387 patent). Plaintiffs also accuse defendants Daimler AG, Mercedes-Benz U.S. International, Inc., and Mercedes-Benz US, LLC of infringing two expired patents relating to ECUs, known as U.S. Patent Nos. 5,606,951 ('951 patent) and 5,655,365 ('365 patent). This action was originally

filed in the Eastern District of Virginia and was transferred here for the convenience of the parties and witnesses pursuant to 28 U.S.C. § 1404(a) on July 6, 2015. One month prior to transfer, in June, 2015, defendants filed seven petitions for *inter partes* review before the PTAB covering all of the asserted claims of the three patents-in-suit.

Three petitions were challenges to the fuel injector patent, and two petitions were filed as to each of the ECU patents. Each petition involves five prior art references, all involving claims of anticipation and obviousness under 35 U.S.C. §§ 102-03.

Based on those petitions, defendants filed a motion to stay the case pending *inter partes* review in the transferor court, which became moot once that court transferred the case without addressing it. While the case was pending in the Eastern District of Virginia, the parties engaged in limited discovery which defendants contend was directed primarily to addressing the jurisdictional and transfer issues. No depositions have yet been taken and no experts have been identified. The parties have, however, exchanged voluminous paper discovery, and have exchanged claim construction positions and invalidity contentions. While defendants characterize these exchanges as "preliminary," plaintiffs contend they were not so intended. Whatever the nature of those exchanges, it is clear that no claim construction briefs have been submitted and no *Markman* hearing has been scheduled here.

The parties agree that the Virginia schedule no longer applies. Shortly after this case was transferred here and before the scheduling conference, defendants filed their motion to stay pending *inter partes* review before the PTAB. Before the motion to stay was fully briefed, this court held a scheduling conference but declined to enter a scheduling order pending a decision on defendants' motion to stay. In their response brief and

proposed scheduling order, plaintiffs concede that fact discovery should be delayed until the PTAB decides whether to institute *inter partes* review, but submits that claim construction should go forward.

## II. Standard of Law

Courts have broad discretionary power to stay suits pending *inter partes* review proceedings. *Regents of Univ. of Mich. v. St. Jude Med., Inc.*, No. 12-12908, 2013 WL 2393340, at *2 (E.D. Mich. May 31, 2013). Courts consider three factors when determining whether to grant a stay: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." *Id.* All three factors militate in favor of a stay.

## III. Analysis

### A.    Whether Discovery is Complete and Whether a Trial Date Has Been Set

The court first considers whether discovery is complete and whether a trial date has been set. In this case, discovery is far from complete as no depositions have been taken and no experts have been identified. No claim construction briefing has taken place and no *Markman* hearing has been scheduled. While the Eastern District of Virginia originally set this case for trial in February, 2016, that date is no longer controlling and all of the scheduling deadlines in this case must necessarily be extended due to the transfer order. Although plaintiffs argue significant paper discovery has taken place, even plaintiffs' proposed scheduling order presented here envisions the claim construction hearing taking place at the earliest on January 11, 2016, and fact discovery would continue until 90 days

after this court enters its claim construction ruling.  The current procedural posture of this case, which is clearly in its infancy, favors entering the stay.

**B.     Whether a Stay Will Simplify the Issues in Question and Trial of This Case**

There is no question that the *inter partes* review process pending here likely will at least simplify the issues.  Plaintiffs concede as much in their response brief wherein they admit, the "PTAB's decision regarding whether or not to institute certain claims of the IPRs [*inter partes* reviews] may shed light on the proper direction for future discovery."  (Doc. 22 at 13).   Defendants have filed seven *inter partes* petitions covering all of the claims asserted in this litigation.  Based on these petitions, it is possible the PTAB will invalidate, or for the fuel injector patent narrow, all the claims of the challenged patents.  Thus,  PTAB review may streamline this litigation, or potentially eliminate it.  Once the PTAB issues a written decision, an *inter partes* petitioner is barred from asserting "that the claim is invalid on any ground that the petitioner raised or reasonably could have raised during that inter partes review."  35 U.S.C. § 315 (e)(2).

Even if the PTAB does not invalidate the patents, the PTAB's decision would facilitate trial of any surviving claims of the ECU patents as district courts use a similar standard to the Board in conducting claim construction of expired patents.  *In re Rambus*, 694 F.3d 42, 46 (Fed. Cir. 2012).  Moreover, allowing the litigation to go forward at the same time as the *inter partes* petitions risks the possibility of inconsistent judgments and with it wasted judicial resources.  The PTAB could cancel the asserted claims as to the ECU patents outright, or in the case of the fuel injector patent, only permit the claims to survive in an amended form, thus, requiring supplemental claim construction.

Plaintiffs argue a stay will not serve to simplify the issues before this court as the parties have agreed upon a "narrowing approach," by which plaintiffs agreed to limit their asserted claims to no more than 15 claims over the three patents prior to the initial expert reports, and defendants agree to limit their validity arguments to 15 primary prior art references and 15 obviousness combinations involving eleven cars and five injectors. Plaintiffs contend that if the stay is granted, defendants would not be required to limit the number of validity references they can bring, thus circumventing their agreed upon "narrowing approach."   Plaintiffs have cited no authority in support of their contention that an agreement between the parties to limit claims and validity arguments at trial warrants denial of a stay pending *inter partes* review.  The PTAB may invalidate certain claims as unpatentable based on the petitions pending, thus potentially eliminating portions of this litigation, or at least streamlining it.   Accepting plaintiffs' position and allowing claim construction to go forward now while staying only fact discovery risks wasting judicial resources, as claims invalidated during *inter partes* review need not be construed at all, and the PTAB's discussion of claim terms in its decision may also shed light on proper claim construction.

Plaintiffs also argue a stay is not warranted because it remains likely that the PTAB will not consider all of the challenged claims given statistics which show that the PTAB declines *inter partes* review about 37.4% of the time.  Plaintiffs' point is well taken.  Since the PTAB has not yet ruled on whether to institute *inter partes* review and its decision is expected by January, 2016, this court shall enter a conditional stay pending a decision by the PTAB as to whether to institute review.

**C.      Whether a Stay Will Unduly Prejudice Plaintiffs or Give Defendants an Unfair Tactical Advantage**

Finally, the court finds that granting the stay will not unduly prejudice plaintiffs or give defendants an unfair tactical advantage.  Any delay in this case will be short lived as the PTAB is expected to rule on whether to institute *inter partes* review by January 3, 2016, and if instituted, a written decision is expected no later than January 3, 2017.  Significantly, the ECU patents have already expired, the fuel injector patent issued ten years ago, and the products plaintiffs allege infringe on the fuel injector patent have been on the market for six years.  Furthermore, plaintiffs are not direct competitors of defendants and conduct no business in the United States.  Plaintiffs are barred from seeking injunctive relief as to the expired ECU patents.  Although plaintiffs' amended complaint seeks injunctive relief as to the fuel injector patent, plaintiffs have not sought a preliminary injunction nor indicated any intent to do so.  Thus, a delay in potential money damages relief is not prejudicial where plaintiffs have made no showing that such a delay would cause severe economic harm or risk the destruction of their businesses or insolvency.   Moreover, any delay of approximately one year in potential permanent injunctive relief cannot be prejudicial considering the alleged infringing products have already been on the market for six years.

Plaintiffs argue granting the stay will give defendants an unfair tactical advantage as it will allow them to circumvent their agreed discovery plan in this case which limits them to 15 primary prior art references and 15 obviousness combinations.  Plaintiffs' argument lacks merit.  If the PTAB finds merit in the anticipation and obviousness arguments defendants assert through *inter partes* review, certain patented claims may be invalidated thus mooting or limiting the issues before this court.  On the other hand, if the PTAB rejects defendants' challenges, estoppel will bar defendants from re-litigating those challenges

here.  *See* 35 U.S.C. § 315(e)(2).  Moreover, defendants' agreement to limit invalidity arguments at trial here does not apply to the challenges they may raise as part of the *inter partes* review process before the PTAB.  Finally, plaintiffs have not shown, nor even alleged, that defendants have a "dilatory motive" in seeking a stay as their *inter partes* petitions were filed shortly after the amended complaint was filed, six months prior to the *inter partes* review statutory deadline, and eight months prior to the original trial date set by the transferor court.

### IV. Conclusion

Defendants' motion to stay is GRANTED pending the PTAB's decision to grant or deny defendants Bosch LLC and Daimler AG's petition for *inter partes* review.

If the PTAB initiates *inter partes* review proceedings, this case shall remain stayed pending final resolution of those proceedings, through and including any appeals filed with the Federal Circuit Court of Appeals.  If the PTAB does not initiate such proceedings, then the parties may move for the stay to be lifted at that time.  The parties shall file a joint status report informing the court as to the status of the *inter partes* review request within 30 days after a decision is rendered by the PTAB.

**IT IS SO ORDERED**.

Dated:  September 14, 2015

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
September 14, 2015, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk